# Exhibit A

FILED: NEW YORK COUNTY CLERK 11/22/2017 05:03 PM
NYSCEF DOC. NO. 1

INDEX NO. 657086/2017

RECEIVED NYSCEF: 11/22/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------x

LISA PRETECRUM,

       Plaintiff,

 -against-

The AYCO COMPANY, L.P., A GOLDMAN
SACHS COMPANY, THE GOLDMAN SACHS
GROUP, INC., and BRIAN ROTHMAN,

       Defendants.

------------------------------------------------------------------x

Index No.

**SUMMONS WITH COMPLAINT**

Plaintiff designates New York County as the place of trial.

The basis of venue is Defendant's principal place of business.

**TO THE ABOVE-NAMED DEFENDANTS:**

 YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer on the Plaintiff within 20 days after the service of this summons exclusive of the day of service, where service is made by delivery upon you personally within the state, or within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: October 26, 2016
   New York, New York

         _____
         HINDIN DEUTSCH PC
         Attorneys for Plaintiff
         110 East 59th Street, 23rd Floor
         New York, New York 10022
         (212) 324-2898

FILED: NEW YORK COUNTY CLERK 11/22/2017 05:03 PM
NYSCEF DOC. NO. 1

INDEX NO. 657086/2017
RECEIVED NYSCEF: 11/22/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------X

LISA PRETECRUM,

                     Plaintiff,               Index No.

    -against-

                                          **COMPLAINT**

THE AYCO COMPANY, L.P., A GOLDMAN
SACHS COMPANY, THE GOLDMAN SACHS
GROUP, INC., and BRIAN ROTHMAN,

                     Defendants.

-------------------------------------------------------------------X

      Plaintiff, by her attorneys, Hindin Deutsch P.C., as and for her Complaint against Defendants alleges as follows:

      1.     At all relevant times, plaintiff LISA PETRECRUM is and was a resident of the Commonwealth of Pennsylvania.  Ms. Pretecrum is hereinafter referred to as the "Plaintiff."

      2.     Upon information and belief, at all relevant times Defendant THE AYCO COMPANY, L.P.  ("Ayco") was a unit of the GOLDMAN SACHS COMPANY, and was and is effectively indistinguishable from Ayco. ("Ayco").

      3.     Upon information and belief, at all relevant times Defendant THE GOLDMAN SACHS GROUP, INC., ("GSI "), is a domestic corporation established under the laws of New York State and/or authorized to do business in the State of New York, with its principal place of business at 200 West Street, Manhattan, New York. Upon information and belief, AYCO is a wholly-owned subsidiary of GSI.

FILED: NEW YORK COUNTY CLERK 11/22/2017 05:03 PM
NYSCEF DOC. NO. 1

INDEX NO. 657086/2017
RECEIVED NYSCEF: 11/22/2017

4.      Upon information and belief, at all relevant times BRIAN ROTHMAN ("BR") is and was an employee of GSI and Ayco, at its offices located in New York, New York.

5.      The three Defendants are hereinafter referred to collectively as the "Defendants."

6.      At all times hereinafter mentioned, the Defendants and their agents and employees purported to possess the requisite skills and knowledge to provide members of the public with financial and investment advice and strategies

7.      On or about 2003 through 2013, Plaintiff, on the advice of, and solicitation by, the Defendants and their agents and employees, agreed to deliver to and/or invest with the Defendants a substantial percentage of her investment portfolio. Prior to the delivery of said investment portfolio, as well as upon and after said delivery, Plaintiff made it very clear to the Defendants through their agents and employees that her primary consideration in any investment strategy to be undertaken and/or recommended by the Defendants on her behalf was that any and all investments be secure, conservative, with the security of the investment corpus of paramount concern. Over several conversations with BRIAN ROTHMAN, an agent and employee of the Defendants, the Plaintiff made her investment objectives clear. This investment limitation was further presented and reiterated to the Defendants through Plaintiff's then Husband SCOTT PRETECRUM., with the result that Plaintiff made her investment limitations clear and concise to the Defendants.

8.      Between 2003 and 2014, the Defendants, through their representatives, agents and employees, including without limitation B.R., the account executive for Plaintiff, undertook to convince Plaintiff to invest with AYCO, and permit AYCO to structure, control, maintain, and trade on joint accounts established and maintained by the Defendants. In order to induce

2

FILED: NEW YORK COUNTY CLERK 11/22/2017 05:03 PM          INDEX NO. 657086/2017

NYSCEF DOC. NO. 1                                          RECEIVED NYSCEF: 11/22/2017

Plaintiff to invest with Defendants, the Defendants understated the extent of control the Plaintiff would have over her funds deposited with and under the control of Defendants. The Defendants further induced Plaintiff to invest with them by misleading Plaintiff as to the security of her assets invested with them, assuring Plaintiff that she would have unrestricted management of her joint accounts, as well as unrestricted access to the funds invested and that she could trade, withdraw or transfer funds as she liked, without the need to obtain any prior approval of any third party.

9.     In or about April of 2013 Plaintiff sought to access her joint accounts for management purposes. The Defendants however, at first advised Plaintiff that she had full access to her joint accounts. Thereafter, Defendants refused to permit Plaintiff access to the funds; informing Plaintiff that all parties on her accounts were required to give their consent prior to Plaintiff's management of the account. And, thereafter, Defendants permitted Plaintiff's then husband SCOTT PRETECRUM, unfettered access to the join accounts, absent consent form Plaintiff.

10.   The Defendants represented to Plaintiff at all relevant times that access to her joint accounts was unfettered. Prior to the Plaintiff agreeing to invest with the Defendants, Defendants promised and assured Plaintiff that her investment would be fully manageable and accessible as she saw fit. Plaintiff was induced to invest in excess of $1,000,000, with Defendants as a result of their purposeful misrepresentations.

11.   Upon information and belief, the Defendants took direction solely from Plaintiff's then husband, SCOTT PRETECRUM. Defendants permitted SCOTT PRETECRUM to invade the joint accounts, and prohibited Plaintiff from accessing her monies/assets contained therein. The Defendants were aware that they abused Plaintiff's trust in prohibiting Plaintiff from accessing her accounts,

3

FILED: NEW YORK COUNTY CLERK 11/22/2017 05:03 PM

NYSCEF DOC. NO. 1

INDEX NO. 657086/2017

RECEIVED NYSCEF: 11/22/2017

while permitting SCOTT PRETECRUM to do so. The Defendant, unknown to Plaintiff, had a fiscal loyalty to SCOTT PRETECRUM, who invested for himself as well as others with Defendants and with such investments generated considerable sums of money for Defendants. Defendants actions in knowingly, and purposefully denying Plaintiff her rights to her monies while permitting SCTOTT PRETECRUM to invade her accounts were actions undertaken out of greed and self-interest.

12.     At no time did the Defendants inform or advise or respond to any inquires concerning whether that SCOTT PRETECRUM has unfettered access to their joint investment.  Upon information and belief, during that same time period that the Defendant held Plaintiff's funds hostage, the Defendants continued to profit from SCOTT PRETECRUM's investments.

13.     When confronted with the concerns of the Plaintiff, the Defendants' response to the Plaintiff through its employees, including without limitation B.R, was to minimize her concerns by claiming that her investments were fully accessible to her, and secured from SCOTT PRETECRUM'S reach; effectively discounting the concerns of the Plaintiff.  The Defendants continued to be indifferent to the complaints of the Plaintiff that they had misrepresented her accessibility to her funds, including Plaintiff's entitlement to withdraw and direct the investments and her preferences concerning the joint accounts. Defendants acted out of greed and self-interest in ignoring Plaintiff's requests for advice and information as well as refusing to confirm the security of her monies.  The foregoing was compounded, upon information and belief, by lack of expertise and experience in the form Plaintiff's investments were structured as a result of the Defendants' solicitations of Plaintiff.

14.     As a result of the conduct of the Defendants acting through their agents and employees, Plaintiff has suffered financial damages.

4

FILED: NEW YORK COUNTY CLERK 11/22/2017 05:03 PM          INDEX NO. 657086/2017
NYSCEF DOC. NO. 1                                         RECEIVED NYSCEF: 11/22/2017

## AS AND FOR A FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT

15.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 14 as if fully set forth herein.

16.    The Defendants entered an agreement with the Plaintiff whereby they agreed that, in exchange for commissions and other fees they would receive from the investments of the Plaintiff, they would provide reasonable and competent financial and investment advice and professional services suitable for and consistent with Plaintiff's investment objectives and directions, as stated to the Defendants by the Plaintiff.  As part of the agreement between Plaintiff and the Defendants, and in consideration of the Plaintiff investing her investment portfolio with the Defendants, the Defendants agreed to follow Plaintiff's stated investment directions concerning access to and security of her investments.

17.    Pursuant to this agreement, the Defendants were obligated to provide competent financial and investment advice and professional services in accordance with applicable industry rules, regulations, customs and practices. Such obligations were mandated by the very nature of the Defendants' business, business affiliations and undertakings.

18.    Pursuant to the agreement with the Plaintiff the Defendants did offer certain advice to the Plaintiff to induce her to make certain investments based upon such recommendations and advice, and the Defendants did receive commissions on said investments.

19.    The Plaintiff fulfilled all her duties and responsibilities to the Defendants under the agreement between the Parties.

20.    The Defendants breached the agreement between the Plaintiff and themselves by:

5

FILED: NEW YORK COUNTY CLERK 11/22/2017 05:03 PM    INDEX NO. 657086/2017

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 11/22/2017

a. failing to properly and accurately advise Plaintiff of the substantial risks involved when investing monies in a joint account with them;

b. directing Plaintiff to forestall any concern or inquiry into the management and access of her funds, with the intent of keeping Plaintiff unaware that her funds were easily accessible to others without her knowledge or consent;

c. failing to establish and implement appropriate supervisory procedures;

d. by failing to properly investigate any inquiries from third parties concerning the withdrawal of monies or trading in her accounts;

e. The Defendants acted on their own self-interest and greed.

f. That if Defendants had followed Plaintiff's instructions her said investment monies would have been secure and would not have been invaded and depleted by SCOTT PRETECRUM and Plaintiff would not have incurred a loss of in excess of $1,000,000.

g. The Defendants knew or should have known that the agents had neither the expertise, ability nor experience to manage a fund in such a manner that would effectuate the stated goals of Plaintiff.

21.    As a result of the conduct of the Defendants, the Plaintiff has suffered damages in the amount of no less than $ 1,000,000.

## AS AND FOR A SECOND CAUSE OF ACTION FOR FRAUD AND CONSPIRACY

22.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 21 as if fully set forth herein.

23.    In order to induce the Plaintiff to invest with them the Defendants promised and represented to the Plaintiff the following:

a. her investment would be secure, with little or no risk of loss; and

b. the investment could not be accessed by others without her approval.

6

FILED: NEW YORK COUNTY CLERK 11/22/2017 05:03 PM

NYSCEF DOC. NO. 1

INDEX NO. 657086/2017

RECEIVED NYSCEF: 11/22/2017

24      At the time the Defendants fraudulently and falsely made the above representations they knew that the above stated representations were material considerations in causing the Plaintiff to agree to invest with them.  At the time the Defendants fraudulently and falsely made the above representations they knew or had reason to know they were false and they knew that the Plaintiff would rely on their representations resulting in Plaintiff's investing with them, and in fact did rely on said representations, all to her detriment.  At the time the Defendants made the above representations they knew that Plaintiff's investment had considerable risk of loss.  The Defendants intentionally and knowingly withheld information from the Plaintiff concerning the potential for the loss of her funds, all as a means of inducing the Plaintiff to invest with them, knowing that the representations that they were making concerning the security of her investments were false.

25.     The Defendants were aware or should have been aware that the representations made by them, including those made by B.R., their agent, to the Plaintiff to induce the Plaintiff into investing her funds were fraudulent and were materially misleading at the time they were made.  The Defendants entered into a conspiracy to defraud the Plaintiff for the purpose of inducing her into investing with them, all to the detriment of the Plaintiff and to the benefit of the Defendants.  In furtherance of the conspiracy, the Defendants would constantly and continuously reassure the Plaintiff that her investments were secure with little risk of loss.

26.     As a result of the conduct of the Defendants, the Plaintiff has suffered damages in the amount of not less than $1,000,000.  Plaintiff is entitled to punitive damages in the amount of $3,000,000 as the conduct of the Defendants was willful, wanton, and malicious and in total disregard for the truth as well as for the rights of the Plaintiff.

7

FILED: NEW YORK COUNTY CLERK 11/22/2017 05:03 PM
NYSCEF DOC. NO. 1

INDEX NO. 657086/2017
RECEIVED NYSCEF: 11/22/2017

## AS AND FOR A THIRD CAUSE OF ACTION FOR FALSE REPRESENTATIONS

27.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 26 as if fully set forth herein.

28.     The Defendants intentionally, willfully and maliciously made false representations about investment security to the Plaintiff for the sole purpose of inducing and coercing the Plaintiff into investing, all for the gain of the Defendants and to the detriment of the Plaintiff. These false representations included: that the Plaintiff's investment would be secure with little risk of loss.

29.     Upon information and belief all of the Defendants were aware of the fraudulent representations made by the Defendants and were participants in the scheme to induce the Plaintiff into investing and into losing her monies. All of the Defendants schemed to defraud the Plaintiff and induce her into investing, all to the detriment of the Plaintiff and to the benefit of the Defendants.

30.     As a result of the conduct of the Defendants, the Plaintiff has suffered damages in the amount of no less than $1,000,000. Plaintiff is entitled to punitive damages in the amount of $3,000,000 as the conduct of the Defendants was willful, wanton, and malicious and in total disregard for the rights of the Plaintiff.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR NEGLIGENCE

31.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 30 as if fully set forth herein.

32.     The statements made by the Defendants to the Plaintiff concerning the security of her, as well as the dissipation of the asset were made negligently and carelessly, without any reasonable ground to believe that they were true.

8

FILED: NEW YORK COUNTY CLERK 11/22/2017 05:03 PM
NYSCEF DOC. NO. 1

INDEX NO. 657086/2017

RECEIVED NYSCEF: 11/22/2017

33.     At the time said representations were made by the Defendants, the Plaintiff did not know the truth but believed their representations to be true, relied upon them and was thereby induced to invest.

34. Upon information and belief all of the Defendants were aware of the fraudulent representations made by the Defendants and were participants in the scheme to induce the Plaintiff into investing, all to the detriment of the Plaintiff and to the benefit of the Defendants and said damage to Plaintiff incurred because of the greed and betrayal of trust and fiduciary duty by the Defendants.

35. As a result of the conduct of the Defendants, the Plaintiff has suffered damages in the amount of not less than $1,000,000.  Plaintiff is entitled to punitive damages in the amount of $3,000,000 as the conduct of the Defendants was willful, wanton, and malicious and in total disregard for the rights of the Plaintiff.

## AS AND FOR A FIFTH CAUSE OF ACTION FOR BREACH OF FIDUCIARY DUTY

36.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 35 as if fully set forth herein.

37.     At the time the  Defendants were representing to the Plaintiff that her investment were secure, and consistent with the Plaintiff's investment intentions and expectations and strategies, the Defendants knew or should have known that by investing her funds with them, the Plaintiff's funds would be subjected to significant risk of loss.  At all relevant times the Plaintiff reposed complete confidence and trust in the  Defendants to handle her investment joint accounts and advise the Plaintiff appropriately in accordance with Plaintiff's stated investment objectives, thus giving rise to a fiduciary duty on the part of the Defendants to Plaintiff.

9

FILED: NEW YORK COUNTY CLERK 11/22/2017 05:03 PM INDEX NO. 657086/2017

NYSCEF DOC. NO. 1                                                          RECEIVED NYSCEF: 11/22/2017

38.     The Defendants had a fiduciary duty to advise the Plaintiff of the real and actual risks of investing with them in joint accounts.  The Defendants breached that fiduciary duty by failing to inform the Plaintiff of the real and potential risks of joint investments, knowing the Plaintiff's stated investment objectives and had a further duty to advise Plaintiff, upon information and belief, of the inexperience and lack of competence of the agents of Defendants receiving and administering said funds.

39.     As a result of the conduct of the Defendants, the Plaintiff has suffered damages in the amount of not less than $1,000,000. Plaintiff is entitled to punitive damages in the amount of $3,000,000 as the conduct of the Defendants was willful, wanton, and malicious and in total disregard for the rights of the Plaintiff.

## AS AND FOR SIXTH CAUSE OF ACTION FOR DECLARATORY JUDGMENT AND RECISSION

40.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 39 as if fully set forth herein.

41.     Solely because of the false representations made by Defendants the Plaintiff invested her funds with Defendants.  As a result, the account agreements are therefore in all respects void and unenforceable.

42.     The Plaintiff has no adequate remedy at law.

43.     Given the above, the Plaintiff requests judgment declaring the Investment Agreement rescinded, void and unenforceable, and returning the Plaintiff's original investment to her, plus interest.

10

FILED: NEW YORK COUNTY CLERK 11/22/2017 05:03 PM          INDEX NO. 657086/2017

NYSCEF DOC. NO. 1                                          RECEIVED NYSCEF: 11/22/2017

## AS AND FOR A SEVENTH CAUSE OF ACTION FOR FAILURE TO SUPERVISE

44.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 43. as if fully set forth herein.

45.     The above-mentioned scheme to induce the Plaintiff to invest with Defendants was done with the assistance of the employees of each of the Defendants. The scheme was facilitated by the Defendants' negligent failure to maintain and enforce a reasonable adequate system of internal supervision, control and supervision by persons who acted in the self-interest of the Defendants, and lacked the expertise and integrity to forward Plaintiff's stated financial goals, over their employees and agents, including without limitation BRIAN S. ROTHMAN and ERIN K. KOENEN, ESQ., upon information and belief, failure to enforce their own rules and procedures  and regulations with regard to advising clients of potential and possible investment alternatives, and security options, and, therefore, did induce, participate in, approve, and accept the benefits of the fraudulent and deceptive schemes and practices as described herein.

46.     As a result of the conduct of the Defendants, the Plaintiff has suffered damages in the amount of not less than $1,000,000.  Plaintiff is entitled to punitive damages in the amount of $3,000,000 as the conduct of the Defendants was willful, wanton, and malicious and in total disregard for the rights of the Plaintiff.

## AS AND FOR A EIGHTH CAUSE OF ACTION FOR VIOLATION OF GENRAL BUSINESS LAW SECTION 352-c

47.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 46 as if fully set forth herein.

48.     The conduct of the Defendants stated herein, including without limitation making false representations to the Plaintiff concerning the security of

11

FILED: NEW YORK COUNTY CLERK 11/22/2017 05:03 PM

INDEX NO. 657086/2017

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 11/22/2017

her investments, constitute a violation of General Business Law Section 352-c in that the Defendants employed, *inter alia*, the following acts or practices:

a. using fraud, deception, concealment, false pretense in inducing Plaintiff, whose assets they held, to take no action to legally secure her investments;

b. making promises or representations as to the future security of her investments which was at the time beyond reasonable expectation or which were unwarranted by existing circumstances;

c. making representations or statements which were false, where the Defendants who made such representations or statements (i) knew the truth; or (ii) with reasonable effort could have known the truth; or (iii) made no reasonable effort to ascertain the truth; or (iv) did not have knowledge concerning the representation or statement made. All of the above acts and practices were engaged in to induce the Plaintiff to purchase interests/place her monies with th4e Defendants.

49.  As a result of the conduct of the Defendants and their violation of General Business Law 352-c, the Plaintiff has suffered damages in the amount of not less than $1,000,000.

## AS AND FOR A NINTH CAUSE OF ACTION FOR VIOLATION OF GENERAL BUSINESS LAW SECTION 349

50.  Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 49 as if fully set forth herein.

51.  The conduct of the Defendants stated herein, including without limitation making false representations to the Plaintiff concerning the security of her investments, constitutes a violation of General Business Law Section 349 in that the Defendants engaged in deceptive acts and practices to induce the Plaintiff to invest her monies with them.

12

INDEX NO. 657086/2017

52.    As a result of the conduct of the Defendants and their violation of General Business Law 349, the Plaintiff has suffered damages in the amount of not less than $1,000,000.  As the Defendants knowingly and willfully violated General Business Law Section 349, Plaintiff also is entitled to treble damages and attorney fees.

## AS AND FOR A TENTH CAUSE OF ACTION FOR UNJUST ENRICHMENT

53.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 52 as if fully set forth herein.

54.    As a result of the conduct of the Defendants the Plaintiff was improperly induced to invest with them.  As a result of Plaintiff's investment under the circumstances presented herein, the Defendants have been unjustly enriched in an amount yet to be determined.  The Defendants should disgorge any and all profits, fees, commissions and benefits they received as a result of the Plaintiff's investments.

## AS AND FOR A ELEVENTH CAUSE OF ACTION PURSUANT TO 15 U.S.C. SECTION 78j(b) and 17 C.F.R. Section 240.10b-5

55.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 54 as if fully set forth herein.

56.    The Defendants made representations to the Plaintiff, and solicited the Plaintiff to invest. At the time the Defendants knew Plaintiff lacked sufficient investment experience as well as material knowledge concerning investments so as to enable Plaintiff to make an informed decision about investing.  Defendants' acted in disregard of Plaintiff's stated financial goals and in their own economic self-interest.

57.    The investments with Defendants were unsuitable for Plaintiff and the stated financial goals of the Plaintiff and was transacted and encouraged by the

13

FILED: NEW YORK COUNTY CLERK 11/22/2017 05:03 PM

NYSCEF DOC. NO. 1

INDEX NO. 657086/2017

RECEIVED NYSCEF: 11/22/2017

Defendants for the Defendants' benefit and in disregard of the interests of the Plaintiff.

58.     The acts and conduct of the Defendants were done recklessly with scienter by the Defendants in connection with the Plaintiff's investment with them, and intent to deceive and defraud the Plaintiff.  In engaging in the acts and conduct complained of herein, the Defendants made use of the means and instrumentalities of interstate commerce as a device, scheme, or artifice to defraud, as well as a practiced course of business that operated as a fraud and/or deceit on Plaintiff in violation of Section 10b of the Securities Exchange Act of 1934 (15 U.S.C.A. Section 78j(b)) and Rule 10b-5 of the Securities and Exchange Commission (17 C.F.R. Section 240.10b-5).  The conduct of the  Defendants amounted to (a) the  Defendants employing a device, scheme or artifice to defraud; (b) making an untrue statement or statements of material facts and/or to omit to state a material fact or facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaged in acts, practices and/or courses of business which operate or would operate as a fraud or deceit upon any person, including the Plaintiff.

59.     As a proximate result of the acts and conduct of the  Defendants Plaintiff has been injured and damaged in an amount yet to be determined but in no event not less than $1,000,000.

FILED: NEW YORK COUNTY CLERK 11/22/2017 05:03 PM   INDEX NO. 657086/2017

NYSCEF DOC. NO. 1                                         RECEIVED NYSCEF: 11/22/2017

## AS AND FOR A TWELFTH CAUSE OF ACTION PURSUANT TO
## 15 U.S.C.A. SECTION 77q(a)

60.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 59 as if fully set forth herein.

61.    Defendants violated Section 17(a) of the Securities Act of 1933 (15 U.S.C.A. Section 77q(a)) in that by use of a means or instrumentalities of transportation or communication in interstate commerce or by the use of the United States mail, directly or indirectly, they employed a device, scheme or artifice to defraud Plaintiff and/or obtained money or property from the Plaintiff by means of an untrue statement of a material fact or an omission to state a material fact necessary in order to make the statements made by the Defendants and/or their agents not misleading, in light of the circumstances under which they were made; and engaged in a transaction, practice and/or course of business that operated as a fraud or deceit on the Plaintiff in the offering their investment services to the Plaintiff and not acting to effectuate the stated economic goals of the Plaintiff. The conduct of the Defendants amounted to (a) the Defendants employing a device, scheme or artifice to defraud; (b) obtaining money or property by means of an untrue statement or statements of material facts and/or the omission to state a material fact or facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaged in transactions, practices and/or courses of business which operate or would operate as a fraud or deceit upon any purchaser, including the Plaintiff.

62.    As a proximate result of the acts and conduct of the Defendants Plaintiff has been injured and damaged in an amount yet to be determined, but in no event less than $1,000,000.

15

FILED: NEW YORK COUNTY CLERK 11/22/2017 05:03 PM
NYSCEF DOC. NO. 1

INDEX NO. 657086/2017
RECEIVED NYSCEF: 11/22/2017

## AS AND FOR A THIRTEENTH CAUSE OF ACTION PURSUANT TO 15 U.S.C.A. SECTION 77-l(2)

63.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 62 as if fully set forth herein.

64.     Defendants violated Section 12(2) of the Securities Act of 1933 (15 U.S.C.A. Section 77-l(2)) in that by use of a means or instrumentalities of transportation or communication in interstate commerce or by the use of the United States mail, directly or indirectly, they made oral statements in promoting Defendants' financial services to the Plaintiff that included untrue statements of material facts and they omitted to state facts necessary in order to make the statements not misleading, in light of the circumstances in which they were made. Plaintiff did not know of such untruths and omissions.

65.     As a proximate result of the acts and conduct of the Defendants Plaintiff has been injured and damaged in an amount yet to be determined, but in no event less than $1,000,000.

WHEREFORE, the Plaintiff demands judgment as follows:

I.      On the First Cause of Action, damages in the sum of not less than $1,000,000;

II.     On the Second Cause of Action. damages in the sum of not less than $1,000,000, plus punitive damages of $3,000,000;

III.    On the Third Cause of Action, damages in the sum of not less than $1,000,000, plus punitive damages of $3,000,000;

IV.     On the Fourth Cause of Action, damages in the sum of not less than $1,000,000, plus punitive damages of $3,000,000;

V.      On the Fifth Cause of Action, damages in the sum of not less than $1,000,000, plus punitive damages of $3,000,000;

FILED: NEW YORK COUNTY CLERK 11/22/2017 05:03 PM   INDEX NO. 657086/2017

NYSCEF DOC. NO. 1                                                    RECEIVED NYSCEF: 11/22/2017

VI.    On the Sixth Cause of Action, judgment declaring the Investor Agreements rescinded, void and unenforceable, and returning the Plaintiff's original investment to her, plus interest;

VII.    On the Seventh Cause of Action, damages in the sum of not less than $1,000,000, plus punitive damages of $3,000,000;

VIII.   On the Eighth Cause of Action, damages in the sum of not less than $1,000,000,

IX.    On the Ninth Cause of Action, damages in the sum of not less than $1,000,000, treble damages and attorney fees;

X.    On the Tenth Cause of Action, disgorgement by the Defendants of any and all profits, fees, commissions and benefits they received as a result of the Plaintiff's investments with the Defendants;

XI.    On the Eleventh Cause of Action, damages in an amount yet to be determined, but in no event less than $1,000,000;

XII.   On the Ninth Cause of Action, damages in an amount yet to be determined, but in no event less than $1,000,000;

XIII.  On the Tenth Cause of Action, damages in an amount yet to be determined, but in no event less than $1,000,000;

XIV.  On the Eleventh Cause of Action, an award of threefold the damages suffered of not less than $1,000,000 plus interest, in an amount not yet ascertained but not less than $1,000,000, and an award of costs of this suit, including reasonable attorney's fees and any other associated costs;

XV.   On the Thirteenth Cause of Action, an award of threefold the damages suffered of not less than $1,000,000 plus interest, in an amount not yet ascertained but not less than $1,000,000, and an award of costs of this suit, including reasonable attorney's fees and any other associated costs;

17

FILED: NEW YORK COUNTY CLERK 11/22/2017 05:03 PM

INDEX NO. 657086/2017

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 11/22/2017

XVI.  Any further relief the Court deems appropriate;

Dated:     New York, New York
           October 26, 2016

HINDIN DEUTSCH PC
Attorneys for Plaintiff
110 East 59th Street, 23rd Floor
New York, New York 10022
(212) 324-2898

18

FILED: NEW YORK COUNTY CLERK 11/22/2017 05:03 PM
NYSCEF DOC. NO. 1

INDEX NO. 657086/2017
RECEIVED NYSCEF: 11/22/2017

# VERIFICATION
## PURSUANT TO CPLR 3020

STATE OF NEW YORK)

                            :        SS.:

COUNTY OF NEW YORK)

   BETTINA D. HINDIN, being duly sworn, deposes and say:

   I am the attorney for Plaintiff Lisa Pretecrum, I have read the foregoing

Verified Complaint.  The same is true to my own knowledge, except as to the

matters therein alleged to be on information and belief.  The basis for my

knowledge, are the statements of my client, the papers in my file relative to this

matter and my general investigation of the facts of this case. The reason this

verification is made by me and not by my client is because Plaintiff is not in the

County where I have my offices.

Sworn to before me this
____ day of October, 2016.

_____
Notary Public

ILENE SIEGEL DEUTSCH
NOTARY PUBLIC, State of New York
No. 02DE5072225
Qualified in New York County
Commission Expires January 27, 2017

_____
Bettina D. Hindin

19